## PEOPLE OF THE TERRITORY OF GUAM

v.

### MICHAEL IMAMURA, Defendant

Criminal No. 104F-76

Superior Court of Guam

October 28, 1976

ABBATE, *Judge*

### DECISION

Defendant moved the Court to Dismiss, by its Motion filed 20 September, 1976, on the grounds of: (1) non-compliance with this Court's discovery order and order for production of grand jury testimony, and (2) violation of his 6th Amendment right to a speedy trial. At this motion hearing before this Court on October 20th both sides presented oral arguments and the prosecution filed its memorandum in opposition to the Dismissal Motion.

Having duly deliberated on these matters, which were reserved for this later Decision, the Court denies the Motion to Dismiss.

 The indictment in this case was filed on May 7, 1976. There has been no showing by Defendant that the 5½ month delay to date was intentional or prejudicial in some concrete way to his ability to prepare his case. This Court takes judicial notice of previous motions by Defendant which motions contributed to the pre-trial delay. The balancing test standards explicated in *Barker v. Wingo*, 92 S.Ct. 2182 (1972), and cited by this Court in *The People of the Territory of Guam v. Frank Rodney Reyes and Gordon Steve Clay*, 5F-74, have not been shown by Defendant.

 Nor is Dismissal with Prejudice justified because of non-compliance with the orders of this Court relating to discovery and grand jury testimony. While we condemn late compliance, the prosecution did eventually comply, and we do not feel dismissal is appropriate at this juncture; the prosecution could re-indict, causing further delay. Defendant failed to show sufficient prejudice resulting from the delayed compliance.

All courts are most reluctant to dismiss without prejudice or exclude the prosecution's use of the discovered evidence, but this Court will take such drastic action if there is further unjustified delay.

Submit order.